ROBERT BARTLETT, Trustee, Plaintiff-Appellée, *v.* JOHN TARKOWSKI *et al.*, Defendants-Appellants.

Second District (1st Division)    No. 75-177

Opinion filed May 12, 1976.—Rehearing denied June 3, 1976.

Frederick S. Stein and Harry I. Rubenstein, both of Chicago, for appellants.

William Van Hagey, of Chadwell, Kayser, Ruggles, McGee & Hastings, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

On July 25, 1966, the circuit court of Lake County entered its decree enjoining and perpetually restraining the defendants-appellants from storing tractors, trailers, dump trucks, cranes, automobiles and a fuel truck on their premises in violation of deed restrictions. Plaintiff in that proceeding was Robert Bartlett, as trustee for Robert Bartlett Realty Co. (not incorporated). Subsequently, upon the death of Robert Bartlett, R. Woodall Bartlett, as successor trustee for Robert Bartlett Realty Co. was, on July 6, 1967, substituted as party plaintiff. Robert Bartlett was the owner and subdivider of the subdivision in question herein. On November 8, 1973, R. Woodall Bartlett, as successor trustee, conveyed the remaining interest of the Bartlett company in the subdivision to Lakeland Property Owners Association, Inc. (hereinafter Lakeland). On February 4, 1974, Lakeland was substituted in place of R. Woodall Bartlett, the successor trustee for Robert Bartlett Realty Co., as party plaintiff. Apparently, a number of orders have been entered relative to the above injunction order which are not a part of the record herein.

On January 28, 1975, the appellants herein filed their section 72 petition contending that the order of the trial court substituting Lakeland as party plaintiff was null and void and that the permanent injunction order of the trial court was not a vested right for the benefit of any party other than the plaintiff who obtained it. They do concede, however, that R. Woodall Bartlett was properly substituted as party plaintiff and that the injunction order was for his benefit as successor to the interest of Robert Bartlett.

In other words, appellants contend that the decree perpetually restraining them from using their premises for the storage of equipment such as described above ceases upon the death of the plaintiff or his successor trustee.

The pertinent agreement found in the deed under which appellants took title expressly provides:

> "If the parties hereto, or any of them or their heirs or assigns, shall violate or attempt to violate any of the covenants herein, it shall be lawful for any other person or persons owning any real property

situated in said Development or Subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant and either to prevent him or them from so doing or to recover damages or other dues for such violation."

In Lakeland's petition to be substituted as plaintiff, Lakeland asserts that all remaining property in the subdivision was conveyed to plaintiff during the pendency of this action.

■■ The substitution of parties in a pending proceeding such as herein, where the trial court reserved jurisdiction for the enforcement of its decree perpetually restraining the defendants, is within the discretion of the trial court and as authorized by section 54(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 54(1)):

"§54. Abatement—Change of interest or liability—Substitution of parties. (1) Change of interest or liability. If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after commencement of the action, it becomes necessary or desirable that any person not already a party be before the court, or that any person already a party be made party in another capacity, the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause."

■■ We find that this section is applicable to the facts before us. Lakeland comes within the provisions of said section by reason of a transmission of interest, by an event occurring after the commencement of this cause, after judgment, by having come into existence after the commencement of this action, to-wit: 1969, all within the terminology of this section of the Civil Practice Act.

A somewhat analogous factual situation is found in *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 256 N.E.2d 1. In *Anundson* the trial court held in 1962 that the Chicago Zoning Ordinance, as applied to the contemplated use of the premises of the plaintiffs, was unconstitutional, where the owners sought to erect a structure containing twelve apartments, eleven stores and offices. They exceeded this contemplated use by a large margin. As in the case before us, the trial court reserved jurisdiction for purposes of enforcing the decree. In 1966 the owner of the property immediately adjacent filed a petition which the trial court treated as an intervening petition, which brought to the attention of the

court misrepresentations made both to the court and adjoining landowners. The Supreme Court observed that the trial court, as in the instant case, was not asked to prohibit the violation of an ordinance but was asked to prohibit the violation of the terms of a decree which it had entered with the reservation of jurisdiction for that purpose. As here, "The petition neither contested the provisions of the decree nor requested a re-adjudication of the merits of the case." What was sought in *Anundson* was compliance with the provisions of the decree in accordance with the reservation of jurisdiction to enforce the same.

> "The appellant makes the further argument that intervention was improper because the court, when its decree was entered retaining jurisdiction of the cause, was retaining jurisdiction 'solely' for the benefit of the plaintiffs. Thus, the appellant says, the decree neither authorized nor invited intervention by another. We cannot accept the narrow interpretation the appellant would place on the decree. Were it adopted, the decree could not be enforced against the plaintiffs who might breach its terms. Nor could the defendant himself complain of the breach by the plaintiffs. The court retained jurisdiction to enforce its decree, and legal standing to enforce it was not limited to the plaintiffs." 44 Ill. 2d 491, 496, 256 N.E.2d 1, 4.

■■ That is the situation that we find before us in this case. Appellants were enjoined and perpetually restrained from storing the construction equipment on their property. Having found that Lakeland was properly a party to this proceeding, the provisions of the decree perpetually enjoining defendant-appellants from violating the same did not cease with the death of the plaintiff, or the divesting of title by plaintiff or plaintiff's successor.

To hold otherwise would make the decree of injunction of the trial court a sham. To find, as appellants suggest, that the provisions of such a decree do not create a vested right is no argument. This would require that every property owner in the subdivision be a party to the original action, and that the decree cover not only the then property owners, but their successors in title as well. That we find is not necessary.

■■ Appellants further contend that allowing Lakeland, as a substituted party plaintiff, to seek to enforce the violation of the decree is a violation of due process. However, appellants do not challenge the decree, nor the right of the court to enforce its own decree, but object only to Lakeland petitioning for the enforcement thereof. No issues are suggested, nor does Lakeland as substituted party seek any relief other than the enforcement of the decree of the trial court permanently enjoining defendants. We do not find any violation of due process. The decree of the trial court, with reservation of jurisdiction to enforce the

same, remains in effect, regardless of who is made a party to the proceeding until vacated by proper court order.

■■ Defendants further contend that the trial court lacked jurisdiction to enter the order substituting Lakeland as party plaintiff because, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), a decree may not be modified more than two years after its entry. This argument is patently without merit. First, the trial court did not lack jurisdiction because, as noted above, the trial court expressly reserved jurisdiction in the original decree for the purposes of enforcement. Second, a section 72 petition seeks relief from a final judgment or decree. Lakeland's petition was a petition for substitution of parties and not a petition seeking relief from a final judgment or decree. Thus, the two year period of limitations of section 72 is inapplicable. Finally, as a substituted party plaintiff, Lakeland seeks only enforcement of the decree. In *Anundson* the appellant raised the two-year limitation period of section 72 where the intervenor filed a petition which, on its face, sought to vacate the decree in the zoning case. The Supreme Court held that since at all times the petition had been considered as one which sought to enforce the decree, and since that was neither a contest as to the provisions of the decree nor a request for a readjudication of the merits, section 72 was inapplicable. The court held:

> "[The petition] asked the court to compel compliance with the terms of the decree in accordance with the reservation of jurisdiction to grant such relief. The appellate court correctly held that section 72 simply had no application to such a petition." 44 Ill. 2d 491, 496-97, 256 N.E.2d 1, 4.

We, therefore, find that the order of the trial court allowing Lakeland Property Owners Association, Inc., to be substituted as a party plaintiff was proper. The judgment of the trial court is affirmed.

Affirmed.

HALLETT and RECHENMACHER, JJ., concur.