John TARKOWSKI, Plaintiff-Appellant,

v.

ROBERT BARTLETT REALTY COMPA-
NY et al., Defendants-Appellees.

No. 76–1269.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 27, 1979.

Decided Jan. 2, 1980 *.

---

* This appeal was originally decided by unreport-
ed order on January 2, 1980. See Circuit Rule

35. The Court has subsequently decided to
issue the decision as an opinion.

John Tarkowski, Wauconda, Ill., for plaintiff-appellant.

Richard E. Mueller, Frank M. Covey, Jr., William Van Hagey, Chicago, Ill., Dennis P. Ryan, State's Atty., Waukegan, Ill., for defendants-appellees.

Before SWYGERT, CUMMINGS and PELL, Circuit Judges.

CUMMINGS, Circuit Judge.

This is an appeal from a final judgment under Rule 54(b), Federal Rules of Civil Procedure, dismissing all but two of the one hundred and thirty-seven defendants named in plaintiff's pro se Second Amended Complaint.[1] We will not try to improve on the district court's summary of the numerous injuries attributed by plaintiff to efforts of his neighbors to limit his use of his land. Most of the defendants were dismissed for lack of federal jurisdiction. The remaining claim under 42 U.S.C. § 1983, against the Lake County State's Attorney and the Assistant State's Attorney assigned to the Building and Zoning Department, for equitable relief from discriminatory enforcement of zoning ordinances, is still pending in the district court.

With regard to the majority of plaintiff's claims, we approve the thorough Memorandum Opinion of the district court and adopt its reasoning. A question remains, however, concerning the propriety of dismissing the private defendants from plaintiff's claim under § 1983. Each allegation in the complaint of discriminatory enforcement of zoning ordinances by State's Attorney Hoogasian and Assistant State's Attorney Sieman is coupled with an allegation of conspiracy with some or all of the private defendants.[2] The question is whether the allegations of conspiracy in this *pro se* complaint are sufficient to bar dismissal of the private defendants.

Some confusion is generated by the fact that two separate conspiracies are alleged. The private defendants are alleged to have conspired to selectively enforce private deed restrictions against Tarkowski. In the course of this alleged conspiracy, an injunction enforcing the restrictions was obtained

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

2. Plaintiff's Second Amended Complaint alleges:

(p. 15) ¶ 9(d). "Jack Hoogasian is the present State's Attorney and Robert J. Smart, the Judge that presided over case 65–3701 in 1974. These members and others in the State's Attorney's office were all engaged in the fraudulent enforcement of R1 County zoning in a Farm zoned area to enforce private deed restrictions through a conspiracy with Robert P. Spicer, Robert Woodall Bartlett and Eva Schwartzman, Arthur H. Torme and Thomas Nelson, when the County filed suit 65–748 and 66–1222 against plaintiff" [The last named are employees of Bartlett Realty Co.]

(p. 17) ¶ 9(e)6. Jack Hoogasian .... "summoned Michael Sieman, Assistant State's Attorney with the Building and Zoning Department and ordered Sieman to, 'Do to Tarkowski what we planned and talked about.' This was done by the State's Attorney to suppress evidence and obstruct justice and to conceal the fact that Robert Bartlett Realty Company, Robert P. Spicer, Robert Woodall Bartlett, Eva Schwartzman, Arthur H. Torme, Thomas Nelson, and the LPOA, officers, members, and agents and William Van Hagey, were involved in a conspiracy against plaintiff."

(p. 23) ¶ 16. "Plaintiff has further been deprived of fair and equal protection of State and Federal laws and the U. S. Constitution and county ordinance and zoning used unreasonably, arbitrarily and capriciously ... and has been subjected to discrimination and treatment different from any other citizen in similar circumstances and conditions and prevented and obstructed through Lake County and its officers and offices and county powers to use Farm zoned land for farm purposes, through corrupt, biased and prejudiced Judges and State Courts, deprived of the right to vindicate his rights taken away by trickery and fraud, and deed restriction agreement caused directly by all of the defendants acting jointly and severally, separately and conspiratorily and conspiring with each other, acting under color of law and under county police powers and ordinances .:..."

in 1966. In 1974, the Property Owner's Association substituted itself in the injunctive action and obtained a contempt citation against Tarkowski. Tarkowski's challenge to the substitution was denied on appeal. (*Bartlett v. Tarkowski*, 38 Ill.App.3d 134, 347 N.E.2d 415 (1976)). These were all private actions, and the elements of the complaint based upon them were properly dismissed by the district court.

■ Tarkowski also alleges, however, that in further pursuit of their objectives the private defendants complained to the Building and Zoning Department, thereby initiating that department's allegedly discriminatory enforcement efforts. The district court determined that a claim of discriminatory enforcement had been stated against the State's Attorney. As the district court stated, a claim under § 1983 for discriminatory enforcement of zoning regulations must involve an element of "intentional or purposeful discrimination." *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497; *Tollet v. Laman*, 497 F.2d 1231 (8th Cir. 1974). There must be allegations of "unfair and discriminatory conduct purposefully directed *toward plaintiffs*." *Ellentuck v. Klein*, 570 F.2d 414 (2nd Cir. 1978); *Cook v. City of Price*, 566 F.2d 699 (10th Cir. 1977). *Cf. United States v. Falk*, 472 F.2d 1101, 1108 (7th Cir. 1972). Although a private person is not engaged in

state action when he merely lodges a complaint with the police, the prosecutor, or when he invokes the exercise of judicial authority, *see Grow v. Fisher*, 523 F.2d 875 (7th Cir. 1975), Tarkowski's complaint suggests that whatever purpose the State's Attorney may have had in discriminatorily enforcing the zoning ordinances would have been shared with, and prompted and encouraged by, the private defendants.[3]

■ Private parties may be liable under 42 U.S.C. § 1983 where they have been jointly engaged with public officers in the denial of civil rights. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142. We have recently stated, however, that

> It is not sufficient to allege that the [private and state] defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding. Even were such allegations to be made, they must further be supported by some factual allegations suggesting such a "meeting of the minds."

*Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir. 1979) (en banc) (concurring opinion of Sprecher, J.).[4]

The allegations of conspiracy in Plaintiff's Second Amended Complaint fail to satisfy

---

**3.** Plaintiff's First Amended Complaint alleged: (p. 45) ¶ 39. "On February 17, 1965, the State's Attorney's office of Lake County, at Bartlett's direction and information, filed a Complaint in County Court, 54–748, accusing Plaintiff of violation of R1 zoning."

At p. 105, ¶ 86. He alleged, ". . . Defendants conspired with county officials and between themselves to intimidate Plaintiff by threatening letters and misrepresentations of violation of R1 residential county zoning, when in fact said land, lots 38 and 39, was in fact zoned Farm and still is zoned Farm use today."

**4.** It is not certain that the rule of *Sparkman* applies to this case. *Sparkman* concerned the liability for damages under § 1983 of private parties alleged to have conspired with an immune state judge. Here we are concerned not with a judge, but with a prosecutor, the question of whose immunity even in light of *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) has been specifically kept open by the district court. Some of this court's

language in *Sparkman* suggests that that opinion pertains only to alleged conspiracies with judges:

> there is a strong policy reason against lower federal court review of state court proceedings. For this reason, I would build into any principle for the recognition of a § 1983 claim based on a private person's conspiracy with a state judge, a requirement of pleading and proof . . . . [Fairchild, C. J., with Tone, J., concurring.]

Judge Sprecher refers generally to alleged conspiracy with immune judges, but when he enumerates the policy reasons for preventing recovery, he speaks of conspiracy with "immune officials," and the reasons are not especially limited to judges. Judge Pell, with Judge Bauer concurring, refers generally to state action "through a person entitled to immunity." We must assume that *Sparkman* does apply to the type of conspiracy alleged here, but we note that Sparkman was not pleading *pro se*.

this test. He alleges that the State's Attorney acted "through a conspiracy" with the private defendants; that the State's Attorney and his assistant sought to conceal the conspiracy of the private parties; and that he has been deprived of his rights by "all the defendants acting jointly and severally, separately and conspiratorily and conspiring with each other .... " These are all essentially conclusory allegations, unsupported by specific facts.[5]

■ *Pro se* complaints, however, are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251.[6] They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652.[7]

This circuit has in the past upheld the dismissal of conclusory *pro se* conspiracy allegations.[8] More recently, however, we have emphasized the liberal standard of *Haines v. Kerner*. *Hayes v. Walker*, 555 F.2d 625, 628 (7th Cir. 1977); *French v. Heyne*, 547 F.2d 994, 996 (7th Cir. 1976).[8]

In balancing the strict standard for pleading conspiracy enunciated in *Sparkman* against the liberal approach to *pro se* pleadings required by *Haines v. Kerner*, we note that even under *Haines v. Kerner, pro se* pleadings have been required to meet some minimum standard of particularity.[9] In such circumstances, the *pro se* litigant has often been allowed to replead. *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978); *Nickens v. White*, 536 F.2d 802 (8th Cir. 1976); *Anderson v. Sixth Judicial District Court*, 521 F.2d 421 (8th Cir. 1975). We have said that "dismissal should be sparingly used whenever it appears that a

---

5. *See also Ostrer v. Aronwald*, 567 F.2d 551, 553 (2nd Cir. 1977). "This court has repeatedly held that complaints containing only "conclusory," "vague," or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed. [citations omitted] Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Sparks v. Duval County Ranch Co.*, 604 F.2d 976 at 978 (5th Cir. 1979) (en banc). "[M]ere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."
 But see *Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969), where "the only allegations in the second amended complaint of a conspiratorial relationship" stated "that all of the defendants acted 'jointly and severally, separately and conspiratorily,' and that they did conspire with each other." The Ninth Circuit noted that:
 this is an inadequate allegation to establish a conspiratorial relationship and a motion to make more definite and certain in this regard would have been proper. No such motion was made.
 The court concluded, however, that absent such a motion, "the allegation as to a conspiracy was sufficient to defeat a motion to dismiss." 417 F.2d at 430.

6. For a justification of this rule of liberal construction, *see* 429 U.S. at 112, 97 S.Ct. at 295 (Stevens, J. dissenting).

7. *Cf. Slavin v. Curry*, 574 F.2d 1256, 1260 (5th Cir. 1978) ("A judge cannot allow the personal view that the allegations of a *pro se* complaint are implausible to temper his duty to appraise such pleadings liberally." *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978) ("[T]he power summarily to dismiss a prisoner's *pro se* complaint is limited").

8. *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970), *cert. denied*, 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814; *Dieu v. Norton*, 411 F.2d 761 (7th Cir. 1969); *Kamsler v. Zawslawsky*, 355 F.2d 526 (7th Cir. 1966); *Johnson v. Stone*, 268 F.2d 803 (7th Cir. 1959); *Davis v. Foreman*, 251 F.2d 421 (7th Cir.), *cert. denied*, 356 U.S. 974, 78 S.Ct. 1137, 2 L.Ed.2d 1148.

9. *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978) ("We think, however, that broadside unspecific allegations of inducing perjury by numerous witnesses are insufficient even under the liberal pleading rules of *Haines v. Kerner*."); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978); *Butler v. Cooper*, 554 F.2d 645 (4th Cir. 1977); *Nickens v. White*, 536 F.2d 802 (8th Cir. 1976); *Holland v. Rubin*, 460 F.Supp. 1051 (E.D.N.Y.1978); *Johnson v. Teasdale*, 456 F.Supp. 1083 (W.D.Mo.1978).

basis for federal jurisdiction in fact exists or may exist and can be stated by plaintiff." *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972), *rev'd on other grounds sub nom. O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674. On that occasion we added, however, that

> This, of course, does not provide a carte blanche for unlimited successive complaint amendments, and the ultimate duty of pleading his case rests upon the party and not upon the district court to divine what is not reasonably there.

468 F.2d at 394.

In this case Tarkowski has had three opportunities to state against the private defendants a claim cognizable in federal court. Further amendment of the complaint is not likely to serve any useful purpose, and its adequacy to withstand a motion to dismiss should be determined as it stands. A motion to dismiss should not be granted, however, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner, supra,* 404 U.S. at 521, 92 S.Ct. at 596; *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80. We also bear in mind that

> In many cases of conspiracy essential information can only be produced through discovery, and the parties should not be thrown out of court before being given an opportunity through that process to ascertain whether the linkage they think may exist actually does.

*Lessman v. McCormick,* 591 F.2d 605, 611 (10th Cir. 1979). *But see Cohen v. Illinois Institute of Technology,* 524 F.2d 818, 827 (7th Cir. 1975), *cert. denied,* 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187.[10]

██ Although plaintiff is pleading *pro se,* we believe that even a *pro se* litigant is required to allege something in the way of

facts before his allegations of conspiracy may be deemed to state a claim. Obviously, a *pro se* litigant should be given every opportunity to state a valid claim. The district court has in this regard been most patient and forebearing. Tarkowski, however, has filed two amended complaints, without alleging any factual basis suggesting the meeting of minds necessary to establish his claim. Mere conjecture that there has been a conspiracy is not enough to state a claim. A private person does not conspire with a state official merely by invoking an exercise of the state official's authority. *Cf. Sparkman,* 601 F.2d at 260 (Tone, J., concurring) and *Grow v. Fisher, supra.* Plaintiff has given us no reason to believe that he can prove any facts in support of his claim and dismissal was therefore appropriate.

Accordingly, the judgment of the district court is affirmed in all particulars.

---

10. *Cf. American Civil Liberties Union v. City of Chicago,* 431 F.Supp. 25 (N.D.Ill., 1976) ("Plaintiffs further argue that the activities of defendants are, by their nature, covert and difficult to determine. Plaintiffs indicate that until discovery has commenced, they will be unable to specify the extent of each defendant's involvement.") *See also, Roberts v. Acres,* 495 F.2d 57, 57–8 (7th Cir. 1974) ("The relevant facts may be determined by discovery....")