Maximo CERDA, Plaintiff,

v.

Michael O'LEARY, Warden of the State-ville Correctional Center; Melvin Allen, Chairman of the Stateville Institutional Inquiry Board; D. Scott, Chairman of the Stateville Adjustment Committee; Marie Jordan, Member of the Stateville Adjustment Committee; F. Mussatto, Member of the Stateville Adjustment Committee; J. Sanders, Investigator for the Stateville Correctional Center; H. Givens, Investigator for the Illinois Department of Corrections; Unknown Correctional Officer, Employee of the Stateville Correctional Center, Defendants.

No. 89 C 2120.

United States District Court,
N.D. Illinois, E.D.

Sept. 25, 1990.

Maximo Cerda, Joliet, Ill., pro se.

Brian Donovan, Atty. Gen.'s Office, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Maximo Cerda, an inmate at Stateville Correctional Center ("Stateville"), brought this action against Stateville employees Michael O'Leary, Melvin Allen, D. Scott, Marie Jordan, F. Mussatto, J. Sanders, H. Givens, and an unknown correctional officer claiming defendants violated his constitutional rights in the course of prison disciplinary proceedings. Defendants have moved to dismiss all counts of plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, defendants' motion to dismiss Counts I, II, VI, VII, and VIII of plaintiff's complaint is granted, and defendants' motion to dismiss Counts III, IV, and V is denied.

■ On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.*

■ Moreover, since plaintiff is pleading *pro se*, his complaint is to be liberally construed. *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir.1980). A complaint can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

## FACTS

The facts as alleged in the complaint are as follows. On January 21, 1988, at approximately 9:30 a.m., Richard Gonzales, an inmate at Stateville, was fatally stabbed. On February 19, 1988, an unknown correctional officer removed plaintiff from the general inmate population and placed him in disciplinary segregation for seven days without informing plaintiff of the reason for the action. (Complaint, ¶¶ 18–19.) On or about March 25, 1988, plaintiff once again was placed in disciplinary segregation where he received a written disciplinary report charging him with violating Department of Corrections Rule 504, Section 501.[1] (Complaint ¶ 20.)

On March 31, 1988, plaintiff appeared before the Adjustment Committee ("Committee"), which is the disciplinary body at Stateville. Plaintiff requested that the Committee interview two correctional officers to verify that plaintiff was in the inmates' law library at the time of the homicide. (Complaint ¶ 21.) The Committee interviewed these officers, an investigator who had spoken with three confidential witnesses, and several other Stateville employees. Plaintiff was not present for any of these interviews. Thereafter, the Committee found plaintiff guilty of violating Rule 504, Section 501 based upon a summary of evidence, a copy of which plaintiff has attached to his complaint. (Complaint, Exhibit B.) As a result, plaintiff lost 360 days of good time credits, was demoted to "C" grade (causing a loss of various privileges) for 360 days, and received 360 days of disciplinary segregation. (Complaint ¶ 30.)

On or about June 8, 1988, plaintiff filed a grievance with the Institutional Inquiry Board ("Board"), arguing that the statements of the three confidential witnesses relied upon by the Committee were "erroneous, fabricated and/or false." (Complaint, ¶ 33.) Plaintiff submitted "newly discovered evidence" which consisted of an affidavit from a correctional officer and four inmates. Id. Each of the five affiants stated under oath that he observed plaintiff in the law library at all times from 8:30 a.m. to 10:30 a.m. on the day of the homicide. The Board recommended that plaintiff's grievance be denied. On July 21, 1988, defendant O'Leary, Warden of State-

---

1. Rule 504, Section 501 prohibits inmates from committing any act which would constitute a violation of State or federal law. (Complaint, Exhibit K.)

ville, approved the Board's finding and upheld the Committee's decision. (Complaint, ¶ 36.)

Count I of the complaint alleges that defendants violated 42 U.S.C. Section 1981 by depriving plaintiff of his right to due process. Counts II through V allege that some or all of the defendants violated 42 U.S.C. Section 1983 by depriving plaintiff of his right to due process. Count VI and VII contend that defendants violated 42 U.S.C. Sections 1985(3) and 1986, respectively, by conspiring to deprive plaintiff of his right to due process, and by failing to prevent the commission of wrongs that were the object of the conspiracy. Finally, Count VIII alleges that Rule 504, Section 501 is unconstitutional as applied to plaintiff.

## COUNTS I, VI, AND VII: CLASS–BASED DISCRIMINATION

█ In Count I, the plaintiff alleges that the defendants intentionally deprived the plaintiff of his Fifth and Fourteenth Amendment rights, thereby violating 42 U.S.C. Section 1981. Section 1981 protects against discrimination on the basis of race or alienage. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir.1984). In order to establish a claim for racial discrimination under Section 1981, a plaintiff must show that he was the victim of intentional discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *McCalpine v. Foertsch*, 870 F.2d 409, 414 (7th Cir.1989).

█ Mr. Cerda, a citizen of the United States, is of Hispanic origin. (Complaint, ¶ 16.) He does not allege in his complaint that the actions taken against him by defendants were motivated by racial discrimination. In fact, plaintiff does not even maintain that racial discrimination played any role in this case. Therefore, plaintiff has failed to adequately allege a violation of Section 1981. Count I must be dismissed.

█ In Count VI, plaintiff claims that defendants violated 42 U.S.C. Section 1985(3) by intentionally conspiring to deprive plaintiff of his Fifth and Fourteenth Amendment rights. (Complaint ¶ 57.) A violation of Section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Bell*, 746 F.2d at 1233. Since plaintiff alleges no class-based discrimination in his complaint, Count VI must be dismissed.

█ Further, Count VII alleges that each defendant violated 42 U.S.C. Section 1986 by failing to prevent co-conspirators from depriving plaintiff of his constitutional rights and privileges. (Complaint, ¶ 60.) Recovery under Section 1986 is dependent on the existence of a claim under Section 1985. *Bell*, 746 F.2d at 1233. Since plaintiff has not adequately pled a cause of action under Section 1985, Count VII must be dismissed.

## COUNT II: DISCIPLINARY SEGREGATION

In Count II, plaintiff alleges that an unknown correctional officer violated 42 U.S.C. Section 1983 by depriving plaintiff of his Fifth and Fourteenth Amendment rights to liberty by placing plaintiff in disciplinary segregation for seven days with no charges placed against him. (Complaint, ¶¶ 42–43.)

█ Prisoners have no liberty interest in remaining in the prison's general population. *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration. *Id.*, 459 U.S. at 468, 103 S.Ct. at 870. Absent some statutory or regulatory provision that clearly limits prison officials in the exercise of their discretion, a prisoner may be transferred for any reason, or for no reason at all. *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988). Plaintiff has not relied on any Illinois statute or regulation limiting the prison officials' discretion to place him in disciplinary segregation. Accordingly, since plaintiff has pled no set of facts to consti-

tute a due process claim for the seven days of segregation, Count II must be dismissed.

## COUNT III: RELIABILITY OF CONFIDENTIAL INFORMANTS

 In Count III, plaintiff alleges that defendants violated 42 U.S.C. Section 1983 by depriving plaintiff of his Fifth and Fourteenth Amendment rights in that they did not determine whether the information supplied by three confidential informants was reliable. (Complaint, ¶ 47.)

 A prisoner does not have a due process right to be informed of the identity of confidential informants. *Mendoza v. Miller*, 779 F.2d 1287, 1294 (7th Cir.1985), *cert. denied*, 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986). The decision whether to reveal their identities is committed to the sound discretion of prison authorities. *Id.* The government's interest in institutional safety and an efficient disciplinary system are especially implicated when inculpatory information is provided by confidential informants because revealing the names of informants could lead to death or serious injury of some or all of the informants. *Id.* at 1293.

This government concern is to be balanced against the prisoner's interest in a disciplinary hearing that is not so lacking in procedural safeguards that they create substantial doubt that these prisoners committed the offenses for which they were disciplined. *Id.* To protect the inmate's interest in a fair hearing, the court requires some indication of the reliability of confidential informants when confidential information is the basis for a prison disciplinary decision. *Id.*

The reliability of the informants may be established by:

(1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of their past record of reliability; or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant.

*Id.*

The plaintiff states in his complaint:

25. The Committee also interviewed defendant H. Givens, an Investigator for the Department of Corrections, who stated that they have three (3) witnesses, two (2) of them will testify that they saw plaintiff leaving and re-entering the Inmates' Library, and one (1) who passed the polygraph test that he saw plaintiff leaving the area where inmate Gonzales body was found in between the General Store and exilary [sic] gym.

None of the *Mendoza* indications of reliability are presented by the facts alleged in the complaint. It is not stated whether Givens, the investigator, gave his oath as to the truth of his report containing the confidential information, as *Mendoza* item one requires. As for corroborating evidence (*Mendoza* item two), other evidence allegedly relied upon by the Committee does not support the testimony of the informants.[2] Instead, the evidence in the summary indicates that plaintiff was not in the law library at the time of the killing, as he claims. This evidence, in fact, contradicts the testimony of the two informants who allegedly saw plaintiff entering and exiting the library. Similarly, the "summary" evidence does not corroborate the third informant's claim that he witnessed plaintiff leaving the area of the homicide.

---

2. In addition to Investigator H. Givens's statements regarding the three confidential witnesses, the Committee found the plaintiff guilty of violating Department Rule 504, section 501 based on the following summary of evidence: (1) Sgt. Tillie states that he cannot recall any unauthorized movement, (2) Sgt. Tillie verified that 1–21–88 was B–West law library day, not Unit G, (3) Series 80 verified resident was assigned to Unit G on day of violation, (4) Control Center records have no verification of resident being issued a pass to attend the law library on date of violation. (Complaint, ¶ 29).

Regarding *Mendoza* items three and four, the complaint does not allege that any Committee member judged the witnesses as reliable (item three), or that an *in camera* review occurred (item four). Since the facts alleged in the complaint do not satisfy any of the four *Mendoza* indications of reliability, defendants' motion to dismiss Count III must be denied.

## COUNTS IV AND V: SUFFICIENCY OF THE EVIDENCE

■ Plaintiff alleges that "defendants O'Leary, Scott, Jordan, Mussatto, Sanders, and Givens ... deprived the plaintiff of his 5th and 14th Amendment rights by finding him guilty where there was no material evidence, aside from [the confidential witnesses], to support the decision of the disciplinary committee that plaintiff committed the offense charged...." (Complaint, ¶ 50). In doing so, plaintiff claims that these defendants violated 42 U.S.C. § 1983. (Complaint ¶ 51.)

■ An inmate has a strong interest in assuring that the loss of good time credits is not imposed arbitrarily. *Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985). The United States Supreme Court has held that due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest of good time credits. *Id.* However, the requirements of due process are flexible and depend on a balancing of the interests affected by the relevant government action. *Id.* Thus, the Court has held that

> the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. [103], at 106, 47 S.Ct. [302], at 304 [71 L.Ed. 560 (1927) ]. Ascertaining whether this standard is satisfied does not require examination of the entire record, inde-

pendent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* 105 S.Ct. at 2774.

Plaintiff's complaint recounts the Adjustment Committee's summary of evidence supporting its finding that plaintiff violated prison rules.[3] (Complaint, ¶ 29.) This evidence is of two types: (1) the testimony of the confidential informants, and (2) circumstantial evidence refuting the plaintiff's alibi that he was in the law library at the time of the homicide. As discussed above, the reliability of the confidential informants' testimony has not been adequately established. Lacking reliability, such testimony constitutes no evidence upon which the Committee may rely. The second type of evidence circumstantially discredits plaintiff's alibi. However, it provides no evidence that plaintiff was involved in the homicide. Taken as a whole, the summary of evidence in the complaint does not amount to "some evidence" from which the finding of the Committee could be deduced. Therefore, defendants' motion to dismiss Count IV is denied.

In Count V, plaintiff claims defendants O'Leary and Allen violated 42 U.S.C. Section 1983 by depriving plaintiff of due process when the Institutional Inquiry Board "failed to correct, modify, or vacate" the disciplinary sanctions imposed upon plaintiff in light of affidavits from Correctional Officer Bruce Young and other inmates "clearly showing" that the plaintiff could not have participated in the assault and homicide of Gonzales. (Complaint, ¶ 53.)

Once again, there must be "some evidence" upon which the finding of the Board could be deduced. The complaint asserts that, in addition to the findings of the Adjustment Committee, the Board received five affidavits submitted by the plaintiff supporting his claim that he was in the law library at the time of the assault. This evidence strengthens plaintiff's alibi. The

---

**3.** *See* Committee's summary of evidence *supra* note 2.

complaint alleges no inculpatory evidence, other than the evidence relied upon by the Committee, upon which the Board relied in affirming the Committee's action. Therefore, according to the complaint, the Board, like the Committee, did not have "some evidence" to support its decision. Accordingly, defendants' motion to dismiss Count V must be denied.

COUNT VIII: CONSTITUTIONALITY OF RULE 504, SECTION 501

In Count VIII, plaintiff alleges that defendants Scott, Jordan, Mussatto, and O'Leary violated plaintiff's Fifth and Fourteenth Amendment right to due process by finding him guilty of violating Department of Corrections Rule 504, Section 501 (the "Rule"). (Complaint, ¶¶ 63–65.) The Rule prohibits inmates from "committing any act which would constitute a violation of State or Federal law." (Complaint, Exhibit K.)

■ The Due Process Clause states that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, section 1. Plaintiff is apparently claiming that finding him guilty of violating the Rule deprives him of a liberty interest. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or the laws of the states. *Hewitt*, 103 S.Ct. at 869. However, plaintiff has not identified the constitutional or state-created liberty interest of which he has allegedly been deprived.

■ The Due Process Clause itself does not support plaintiff's claim. Plaintiff is apparently claiming that the Rule infringes an inmate's due process rights because the Rule allows disciplinary action without a prior conviction under state or federal law based upon proof beyond a reasonable doubt.

Plaintiff's interpretation of the Rule is incorrect. A violation of Rule 504, Section 501 does not require an indictment or conviction under state or federal law. The Rule simply refers to state and federal law in order to describe the types of behavior

that the Department of Corrections has determined constitute a violation of prison rules. Therefore, like any prison disciplinary rule violation, a finding of a Rule 504, Section 501 violation satisfies the requirements of due process if there is "some evidence" that an act which constitutes a violation of federal or state law has occurred. *See Superintendent*, 105 S.Ct. at 2774. A higher level of proof—such as a state or federal court conviction based upon proof beyond a reasonable doubt—is not constitutionally required. Thus, plaintiff has not been deprived of a constitutionally guaranteed liberty interest.

Similarly, state law does not support plaintiff's claim. An Illinois law entitles prisoners to receive one day of good time credit for each day of service in prison. *Ill.Ann.Stat.* ch. 38, ¶ 1003–6–3(a)(2) (Smith–Hurd Supp.1990). However, the Department of Corrections may prescribe rules and regulations for revoking good time credit. *Ill.Ann.Stat.* ch. 38, ¶ 1003–6–3(c) (Smith–Hurd Supp.1990). Rule 504, Section 501 is such a rule. Plaintiff's state-created right to good time credits is limited in that credits may be revoked when prison rules, like Rule 504, Section 501, are violated. If the Committee finds that some evidence exists that plaintiff has violated the Rule, revocation of his good time credits does not deprive plaintiff of a state-created liberty interest.

Rule 504, Section 501 does not deprive plaintiff of a constitutionally- or state-created liberty interest. Thus, Rule 504, Section 501 does not violate due process. Accordingly, Count VIII must be dismissed.

## CONCLUSION

For the foregoing reasons, Counts I, II, VI, VII, and VIII of plaintiff's complaint are DISMISSED. Defendants' motion to dismiss Counts III, IV, and V is DENIED. Defendants shall file an answer to the remaining counts of plaintiff's complaint in compliance with Local Rule 9(a) within fourteen days of this order. The case is

set for status on October 16, 1990 at 10:00 a.m.