948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie T. WILLIAMS, Plaintiff/Appellant,
v.
S. WINKLER, Sued as Steve Winkler, B. Mitchell, Sued as
Benjamin Mitchell, Jerry D. Gilmore, et al.,
Defendants/Appellees.
 No. 91-1134.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 20, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed Willie Williams's section 1983 complaint for failure to state a claim upon which relief could be granted. Because the case lacked merit, the court also denied Williams's motion for appointment of counsel. He appeals claiming that the district court erred by dismissing his claim, and that the court erred by denying his motion for counsel. Williams's arguments concerning the court's dismissal of his complaint and denial of counsel fail for the reasons set forth in the district court's attached order. Macklin v. Freake, 650 F.2d 885 (7th Cir.1981). The district court's dismissal of Williams's complaint is in all respects
 
 
 2
 AFFIRMED.
 
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 3
 WILLIE WILLIAMS, Plaintiff,
 
 
 4
 vs.
 
 
 5
 STEVE WINKLER, et al., Defendants.
 
 91-1134
 No. 90-1100
 Jan. 9, 1991
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that his constitutional rights were violated by the defendants, Hill Correctional Center officials. More specifically, the plaintiff alleges that the defendants acted with deliberate indifference to his medical needs and deprived him of due process. This matter is before the court for consideration of pending motions.
 
 
 7
 The defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true. See LaSalle National Bank of Chicago v. County of DuPage, 777 F.2d 377, 379 (7th Cir.1985), cert. denied, 476 U.S. 1170 (1986). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir.1972). Based upon the above criteria, and for the reasons stated in this order, the motion to dismiss will be granted.
 
 
 8
 The plaintiff alleges that he was assigned to the Hill Correctional Center laundry room in April, 1988. He did not want the assignment because he suffered from frequent headaches, hypertension and dizziness, and because his medication made him drowsy. The defendants were constructively aware of the plaintiff's medical history; however, the plaintiff evidenly never formally requested reassignment. The plaintiff's dissatisfaction over his laundry job culminated in a disciplinary report for refusing to work on April 24, 1988 (issued by Defendant Knisley).
 
 
 9
 On May 2, 1988, a prison adjustment committee (comprised of defendants Mitchell, Winkler, and Britton) held a hearing on the disciplinary report. The Committee honored the plaintiff's request for a witness, and allowed the plaintiff to testify in his own defense. The plaintiff admitted that he had refused to go to work on the date in question, but claimed that his medication rendered him unable to work in the laundry room. The health care unit confirmed that the plaintiff's medication caused drowsiness; however, the plaintiff conceded that he had not tried to contact anyone to have his job assignment changed. The defendants allegedly told the plaintiff they "did not give a damn what the objective facts reflected," and found him guilty of refusing to work. The plaintiff received a verbal reprimand.
 
 
 10
 The defendants heard another, apparently related, disciplinary report the same day and recommended that the plaintiff be reassigned to another job. Nevertheless, the defendants directed the plaintiff to continue working in the laundry until the job change became effective. Defendant Gilmore approved the adjustment committee decisions.
 
 
 11
 On May 10, 1988, the plaintiff told Knisley that he did not feel like working because he had a severe headache, but Knisley "would not accept no for an answer." The plaintiff then sustained an unspecified head injury. The plaintiff contends that the defendants acted with deliberate indifference to his safety and medical needs and that the disciplinary proceedings were unconstitutional. Even accepting the plaintiff's allegations as true, the complaint fails to state a claim as a matter of law.
 
 
 12
 In Count I, the plaintiff maintains that the defendants forced him to perform a job assignment that he was "physically incapable of performing." Although the plaintiff cites to no constitutional basis for his claim, the plaintiff presumably relies on the Eighth Amendment. The defendants' actions, however, did not rise to the level of an Eighth Amendment violation.
 
 
 13
 The plaintiff's allegations do not raise a cognizable constitutional claim. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to rise to the level of a constitutional violation, a defendant's actions must "reflect a degree of wantonness ... tantamount to knowing willingness" that the plaintiff will be harmed by the defendant's conduct. Duckworth v. Franzen, 780 F.2d 645, 654 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). Allegations of mere negligence or inadvertence are not sufficient. Shelby County Jail Inmates v. Westlake, 798 F.2d 1085, 1094 (7th Cir.1986). "Liability under the Eighth Amendment ... requires, at a minimum, that the prison officials have realized there was imminent danger and have refused--consciously refused, knowingly refused--to do anything about it." Campbell v. Greer, 831 F.2d 700, 702 (7th Cir.1987), relying on Whitley v. Albers, 475 U.S. 312 (1986). Here, the facts do not arguably raise an inference of deliberate indifference.
 
 
 14
 First, the plaintiff's medical condition was not so grave a matter as to be classified as a "serious" medical need. See Burns v. Head Jailor of LaSalle County, 576 F.Supp. 618, 620 (N.D.Ill.1984). Many working people take medication for hypertension, and the plaintiff himself did not deem his condition serious enough to contact officials to have his job changed. The fact that the plaintiff took medication that made him sleepy did not render his condition so grave as to trigger the protections of the Eighth Amendment.
 
 
 15
 Even assuming that the plaintiff did have a "serious" medical condition, the defendants' actions were not so dangerous as to amount to deliberate indifference. Negligence, gross negligence, or even recklessness as used in the civil tort sense, are insufficient to support an Eighth Amendment claim. Duckworth, supra, 780 F.2d at 653. That the defendants required the plaintiff to continue working in the laundry room for several days until his reassignment became effective was not unreasonable. While it is unfortunate that the plaintiff sustained (an apparently minor) injury during the transitional period, the potential for harm was not so likely as to implicate the Constitution. In fact, the plaintiff has not shown that the injury was proximately caused by working in the laundry room while medicated. The plaintiff's hybrid medical/safety claim is without merit.
 
 
 16
 The plaintiff's claims concerning the disciplinary proceedings against him also fail to state a claim under 42 U.S.C. § 1983. The plaintiff had no protected liberty interest upon which to base a due process claim because he received no real punishment. In any event, a review of the adjustment committee summary reveals that the plaintiff received full due process.
 
 
 17
 As the defendants point out, the plaintiff received only a verbal reprimand; he did not lose good time credits or other punishment. Although the plaintiff alleges that he was denied "programs and privileges" as a result of the disciplinary action, the due process procedures set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) are not required where an inmate faces merely a loss of privileges. See Enomoto v. Cluchette, 425 U.S. 308 (1976). The fact that the plaintiff was threatened with more severe action if he continued to avoid work is immaterial, as the relevant constitutional inquiry is what penalty was imposed, not what penalty was possible. Scott v. Illinois, 440 U.S. 367 (1979) (criminal context).
 
 
 18
 In any case, the court finds that the disciplinary hearing afforded the plaintiff full due process. The plaintiff received notice of the charges, he was allowed to present evidence in his own defense, he was allowed to call a witness, and he received a written statement of the reasons for the finding of guilt. Wolff, 488 U.S. at 564.
 
 
 19
 The plaintiff argues that there was "no evidence" to support a finding of guilt. Under Superintendent v. Hill, 472 U.S. 445, 445 (1985), due process is satisfied where "some evidence" supports the disciplinary committee's decision. To determine whether this standard is satisfied does not require reexamination of the entire record, an assessment of credibility, or a reweighing of the evidence; the only question is whether there is any basis in the record that could support the conclusion of the board. Id. Here, the adjustment committee articulated adequate reasons for finding the plaintiff guilty.
 
 
 20
 In its "Record of Proceedings," the adjustment committee summarized the evidence as follows: "Inmate states he did make the statements, but they can be justified, due to the circumstances around the incident, because of the medicine. He has not tried to contact anyone to have his assignment changed." The committee went on to find the plaintiff guilty due to the "accurate account of events, verified by C/O Knisley, and inmate's own admission of guilt to not going [to] work." The committee also noted that the health care unit had confirmed that the plaintiff used medication which might make him sleepy. The evidence was sufficient to find the plaintiff guilty of shirking his work duties.
 
 
 21
 The plaintiff's attempt to justify his infraction is not creditable. The plaintiff attributes his failure to work to a medical problem. However, there was no dispute that the plaintiff had never tried to contact anyone prior to the disciplinary incident in order to have his job assignment changed. In the prison setting, where order and discipline are imperative, an inmate cannot simply decide if and when to observe prison rules. If the plaintiff believed that he was physically unable to work in the laundry room, he should have gone through the appropriate channels for reassignment. The plaintiff's purported medical condition did not excuse his violation of his work assignment.
 
 
 22
 In conclusion, even accepting the plaintiff's allegations as true, the complaint fails to state a claim under 42 U.S.C. § 1983 as a matter of law. The defendants' actions were not so reckless as to amount to deliberate indifference to the plaintiff's health and safety. Moreover, the plaintiff's reprimand for refusing to work did not violate his right to due process. Accordingly, the defendants' motion to dismiss the complaint will be granted. The plaintiff's motion for appointment of counsel will consequently be denied as moot.
 
 
 23
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 20) is allowed. Cause stricken and case dismissed, with prejudice.
 
 
 24
 IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (docket # 23) is denied as moot.
 
 
 25
 /S/ MICHAEL M. MIHM
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs