972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael A. SEDDENS, Plaintiff/Appellant,
v.
Kenneth McGINNIS, Defendant/Appellee.
 No. 91-1500.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided July 24, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Seddens sued under 42 U.S.C. § 1983 the warden of the prison where he was housed, claiming that the warden's failure to segregate prisoners infected with the HIV virus from the general prison population violated his civil rights. Seddens also claimed that, based on his recent fatigue and stomachaches, he now knew that he had become infected with the HIV virus because of this policy; yet the prison did nothing about it. It is arguable that Seddens has not made adequate allegations of injury to support a damage claim based on the Eighth Amendment. The district court dismissed his claim holding that the prison's housing policy did not amount to deliberate indifference to Seddens's health and safety needs, and that there is no evidence that he could have contracted the HIV virus from incidental contact that would have occurred due to having a nonsegregated prison. Cf. Cameron v. Metcuz, 705 F.Supp. 454, 458-60 (N.D.Ill.1989). Seddens repeats these arguments on appeal, adding that he knows that he contracted the HIV virus because he had oral sex with a man who he later learned to be HIV positive. Seddens did not make this factual allegation before the district court, so he has waived it for purposes of appeal. United States v. Adamo, 882 F.2d 1218, 1233 (7th Cir.1989). As to his other arguments we AFFIRM for the reasons stated in the district court's order, which is attached.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 2
 Michael A. Seddens, Plaintiff,
 
 
 3
 vs.
 
 
 4
 Kenneth McGinnis, Defendant.
 
 No. 89-3193
 
 5
 Jan. 22, 1991.
 
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that his constitutional rights were violated by the defendant, Kenneth McGinnis, who refused to house "AIDS-infected homosexuals" apart from other inmates. This matter is before the court for consideration of the defendant's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be allowed.
 
 
 7
 It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521. When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true. See LaSalle National Bank of Chicago v. County of DuPage, 777 F.2d 377, 379 (7th Cir.1985), cert. denied, 476 U.S. 1170 (1986). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir.1972).
 
 
 8
 The following facts will be accepted as true for purposes of this motion: the plaintiff is a state prisoner, currently confined at the Pontiac Correctional Center. At the time of the events giving rise to this lawsuit, he was housed at the Graham Correctional Center. Defendant Kenneth McGinnis is the Director of the Illinois Department of Corrections.
 
 
 9
 The plaintiff claims that McGinnis acted in dereliction of his duties by failing to house homosexuals suffering from AIDS apart from inmates in general population. The plaintiff believes that AIDS was allowed to spread through the Graham Correctional Center due to the institution's housing policies, and suspects that he has become infected with the AIDS virus because he has experienced symptoms such as fatigue and stomach irritations. However, no physician has evidently diagnosed that the plaintiff, in fact, suffers from AIDS.
 
 
 10
 The complaint is without constitutional merit. First, there is a material inconsistency within the complaint itself. The plaintiff charges that McGinnis failed to cell HIV carriers apart from other inmates; he then goes on to state that it was common practice at the institution to house homosexuals separately in single cells in order to limit sexual activity. The court is thus confused as to the grounds for the plaintiff's grievance.
 
 
 11
 In any event, the court finds no constitutional basis for the plaintiff's claims. The plaintiff presumably bases his cause of action on the Eighth Amendment, which prohibits deliberate indifference to inmates' safety and medical needs. However, in order to rise to the level of a constitutional violation, a defendant's actions must "reflect a degree of wantonness ... tantamount to knowing willingness" that the plaintiff will be harmed by the defendant's conduct. Duckworth v. Franzen, 780 F.2d 645, 654 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). "Liability under the Eighth Amendment ... requires, at a minimum, that the prison officials have realized there was imminent danger and have refused--consciously refused, knowingly refused--to do anything about it." Campbell v. Greer, 831 F.2d 700, 702 (7th Cir.1987), relying on Whitley v. Albers, 475 U.S. 312 (1986). Here, the facts do not arguably raise an inference of deliberate indifference.
 
 
 12
 Even assuming that Graham officials did not house HIV carriers apart from other inmates, the matter does not implicate the Eighth Amendment. At least one circuit has held that a colorable § 1983 claim is stated only if it is shown that there exists a "pervasive risk of harm" to inmates of contracting the AIDS virus and if there is a failure of prison officials to respond to the risk. See Glick v. Henderson, 855 F.2d 536, 539 (8th Cir.1988). In the case at bar, the plaintiff's unsubstantiated fears do not support a cause of action.
 
 
 13
 The court finds no authority to support the plaintiff's apparent argument that being housed near "AIDS-infected homosexuals" might have jeopardized his health. To the contrary, the court takes judicial notice of recent federal publications stating that AIDS cannot be transmitted through non-sexual social contact. See U.S. Dept. of Health and Human Services, Pub. No. CDC, HHS 88-8404, "Understanding AIDS" (1988). Unless the plaintiff had sex with an HIV carrier, shared a needle or somehow otherwise exchanged blood, the plaintiff could not have contracted AIDS. The plaintiff's fears regarding the risks associated with being housed near AIDS-infected inmates are unrecognized by the mainstream medical community, and reflect ignorance of the means by which AIDS can be transmitted. The plaintiff has not stated facts from which the court might infer that the plaintiff was harmed by the DOC's alleged failure to segregate AIDS carriers.
 
 
 14
 In conclusion, even accepting the plaintiff's factual allegations as true, the complaint fails to state a claim as a matter of law. The plaintiff has failed to show how any action or inaction by McGinnis deprived him of any constitutional right. The plaintiff's unsubstantiated belief that his health may have been endangered by casual contact with "AIDS-infected homosexuals" flies in the face of medical knowledge. Accordingly, the defendants' motion to dismiss will be granted.
 
 
 15
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 20) is allowed. Cause stricken and case dismissed, with prejudice.
 
 Richard Mills
 RICHARD MILLS
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record