983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel D. HOLLAND, Plaintiff/Appellant,
v.
Aaron FISHER, James Chrans, and Wilbur Simpson, Defendants/Appellees.
 No. 91-2809.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Jan. 5, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Daniel Holland sued three prison employees under 42 U.S.C. § 1983 accusing them of violating his rights under the Eighth Amendment by failing to prevent an attack on him by another inmate and for failing in a timely manner to remedy the injury caused by the attack. The court dismissed the claims against defendants Chrans and Simpson, finding that Holland had not alleged facts sufficient to show that these defendants had been deliberately indifferent to the possibility that he could be attacked. The court later granted summary judgment in favor of Fisher, holding that Holland had not shown that Fisher was deliberately indifferent to his medical needs or that he even had a serious medical need. Holland now appeals the judgment in favor of the defendants, which we AFFIRM for the reasons set forth in the attached district court orders by Magistrate Judge Kauffman and Chief Judge Baker.
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 3
 DANIEL DEAN HOLLAND, Plaintiff,
 
 
 4
 vs.
 
 
 5
 JAMES CHRANS, et al., Defendants.
 
 No. 88-2192
 Feb. 15, 1989
 ORDER
 
 6
 The plaintiff, Daniel Holland, an inmate at the Pontiac Correctional Center, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, corrections officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to the plaintiff's safety and by failing to provide the plaintiff with medical care after he was attacked. More specifically, the plaintiff claims that on March 25, 1988, the plaintiff was in the holding area of Pontiac Protective Custody Unit. A gate there separates the holding area for the general population from the holding area for the protective custody unit. An unknown fellow inmate in the general population was able to reach through the bars and strike the plaintiff with a sock containing a heavy item. The plaintiff contends that the defendants know or should have known that the area is unsafe because the lack of a fence or grill in addition to the bars permits incidents of this kind of occur.
 
 
 7
 The plaintiff raises another Eighth Amendment claim in that he was allegedly deprived of medical attention after the attack occurred. The plaintiff states that he was struck above his right eye and that a large knot was visible on the plaintiff's head. The plaintiff explained to defendant Fisher what had happened and requested to go to the hospital; however, defendant Fisher replied that he could not help the plaintiff at that moment because Fisher was deadlocking the cellhouse. (The assault occurred minutes after the prison administration had announced a "lock-down," and officials were in the process of securing the institution.) Although the plaintiff was nauseous and dizzy, he was not taken to the hospital until later. This matter is now before the court for consideration of the defendants' motion to dismiss.
 
 
 8
 It is well-established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521. On a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true, with every reasonable doubt resolved in favor of the pleader. Hanrahan v. Lane, 747 F.2d 1137, 1139 (7th Cir.1984). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207 quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir.1972).
 
 
 9
 The defendants' motion to dismiss will be allowed as to the plaintiff's Eighth Amendment protection claim against defendants Chrans and Simpson. Prison inmates are entitled to reasonable protection from assault while incarcerated. Thus prison officials who show "deliberate indifference" to violent inmate attacks deprive inmates of their constitutional rights. Little v. Walker, 552 F.2d 193, 197 (7th Cir.1971), cert. denied, 435 U.S. 932 (1978). While the plaintiff has not shown that any of the defendants had personal knowledge of, participation in, or even anticipation of the plaintiff's assault itself, this conclusion does not end the constitutional inquiry. "Deliberate indifference" can be inferred from evidence that threats of violence are so constant that a virtual "reign of terror" exists. Walsh v. Brewer, 733 F.2d 473, 476 (7th Cir.1984). In order to infer the callous indifference required for an Eighth Amendment violation, there must be a strong likelihood rather than a mere possibility that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir.1985), cert. denied, 475 U.S. 1085 (1986). Here, the plaintiff has not met that burden.
 
 
 10
 The plaintiff has not alleged facts that show that the lack of a fence or grilling in addition to the bars separating Pontiac's holding areas permitted an inordinate number of assaults on inmates in the Protective Custody Unit. In order for a plaintiff to show that he was exposed to an unconstitutionally high risk of harm, the plaintiff must allege facts that show either that (1) assaults occurred so frequently that they were "pervasive," or (2) that the plaintiff belonged to an "identifiable group of prisoners for whom the risk of assault was a serious problem of substantial dimensions." Walsh, 733 F.2d at 476 (citations omitted). The plaintiff maintains that prior to his assault, there have been other incidents of "verbal and physical abuse" in that area, but that no action was taken to heighten the holding area's security. Even accepting as true that other attacks have occurred in the holding area, it does not reasonably follow that plaintiff was subjected to a constant threat of violence in the Protective Custody Unit. As discussed above, prison inmates are entitled to reasonable protection from harm; however, prison officials cannot be expected to eliminate the possibility of all attacks. The prison setting is always potentially dangerous and sometimes explosive. Violence is endemic in American prisons. Hibma v. Odegaard, 769 F.2d 1147, 1159 (7th Cir.1985). In the case at bar, the plaintiff was in the holding area of the Protective Custody Unit. There was evidently some crowding and confusion in light of the sudden lockdown which gave another inmate the opportunity to strike the plaintiff. Prison officials had no prior warning that such an attack upon the plaintiff might occur. Violence in Illinois' prison system is an unfortunate, yet inescapable reality. The defendants cannot be held liable for their inability to prevent a single, unexpected blow under the circumstances described here. Therefore, the defendants' motion to dismiss will be granted as to the plaintiff's Eighth Amendment protection claim and the plaintiff's complaint will be dismissed as to defendants Chrans and Simpson.[1]
 
 
 11
 The defendants' motion for dismissal will be denied, however, with respect to the plaintiff's claim that defendant Fisher acted with deliberate indifference to the plaintiff's medical needs. In Estelle v. Gamble, 429 U.S. 97 ______), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary infliction of pain' ... proscribed by the Eighth Amendment." This is true "whether the indifference is manifested by prison doctors in response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care...." Estelle, 429 U.S. at 104-05. In considering whether a medical need was "serious," the court considers such factors as the severity of the medical problem, the potential for harm if medical care is denied or delayed, and whether any such harm actually resulted from the lack of medical attention. See Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D.Ill.1984); see also Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.1974), cert. denied, 423 U.S. 877 (1975).
 
 
 12
 Under the above standards, it is not clear that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." The plaintiff alleges that he had a visible head injury and complained of dizziness and nausea. Such a condition may indeed have amounted to a "serious" medical need. In the absence of the plaintiff's medical records or affidavits, it would appear that Fisher acted with deliberate indifference to the plaintiff's need for medical treatment in failing to provide the plaintiff with assistance for ten hours. The court must reject the defendant's argument that the lockdown necessitated a delay of the plaintiff's treatment, without evidence to support such a contention. In a motion for summary judgment or at trial, defendant Fisher must satisfy the court that security measures or other concerns necessarily took precedence over the plaintiff's medical treatment, thus rendering the delay of medical assistance excusable under the circumstances presented here. See Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir.1987).
 
 
 13
 In conclusion, the defendants' motion to dismiss for failure to state a claim will be granted as to the plaintiff's claim that defendants Chrans and Simpson violated the plaintiff's Eighth Amendment right to a reasonably safe environment, and the plaintiff's complaint will be dismissed as to those defendants. The defendants' motion for dismissal will be denied as to the plaintiff's claim that defendant Fisher acted with deliberate indifference to the plaintiff's serious medical needs.
 
 
 14
 IT IS THEREFORE ORDERED that the defendants' motion for dismissal (Docket # 10) is allowed in part and denied in part. The defendants' motion to dismiss is allowed as to the plaintiff's Eighth Amendment claims against the defendants Chrans and Simpson. However, the defendants' motion for dismissal is denied as to the plaintiff's Eighth Amendment claim that defendant Fisher deprived the plaintiff of medical attention after the plaintiff was attacked in the holding area on March 25, 1988.
 
 
 15
 /s/ HAROLD A. BAKER
 
 Chief U.S. District Judge
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS AT DANVILLE
 DANIEL DEAN HOLLAND, Plaintiff
 
 16
 vs.
 
 
 17
 AARON FISHER, Defendant.
 
 Case No. 88-2192
 May 3, 1991
 ORDER
 
 18
 The plaintiff, an inmate at Joliet Correctional Center, files suit pursuant to 42 U.S.C. § 1983, alleging that the defendant, correctional officer Aaron Fisher, was deliberately indifferent to the plaintiff's serious medical needs while the plaintiff was at Pontiac Correctional Center, in violation of the Eighth Amendment to the Constitution. The parties have consented to have this case heard to its conclusion by a United States Magistrate Judge, and the District Judge has referred the matter to me. The case is set for a jury trial on May 16, 1991.
 
 
 19
 In reviewing the case before trial, the court finds serious legal deficiencies in the uncontested facts presented by the parties, casting grave doubt on the necessity for a jury trial. There are no pending motions. The uncontested facts show that on March 25, 1988 at approximately 10:30 a.m. while the plaintiff was waiting in line for a meal, an unknown inmate hit him in the head with a sock containing a heavy object. The plaintiff was returned to his cell, as the institution was being locked down. He asked the defendant Fisher to summon medical help or take him to the prison hospital. Fisher did not assist the plaintiff, as he was in the process of completing the lock-down procedures. The plaintiff was taken to the hospital at approximately 8:30 p.m. on that same day. (Plaintiff's complaint pg. 4)
 
 
 20
 The uncontested medical records show that the plaintiff suffered a "small hematoma (bruise) to the right forehead." The injury was described by the examining physician as "minor", and extra-strength Tylenol was prescribed for 2 days (Def.Ex. 1 in final pre-trial order). The medical notes also state, "no LOC (loss of consciousness), no dizziness. Small bump on right forehead size of 1 cm (centimeter) in diameter". The plaintiff's only complaint was a headache. (Def.Ex. 2 in final pre-trial order).
 
 
 21
 In short, the uncontested facts in record show that the plaintiff suffered a minor injury at the hands of an unknown inmate at 10:30 a.m. He was taken for medical treatment at 8:30 p.m. the same day. The institution was on lock-down status beginning shortly after 10:30 a.m.
 
 
 22
 Prison officials violate the Eighth Amendment's guarantee of freedom from cruel and unusual punishment when they show deliberate indifference to an inmate's serious medical needs, Estelle v. Gamble, 429 U.S. 97 (1976). In order to state a claim, the plaintiff must show both deliberate indifference and serious medical need. The uncontested facts appear to demonstrate neither. The plaintiff suffered a minor injury during a lock-down. Even if Fisher deliberately ignored the plaintiff's request, I can find no evidence of serious medical need.
 
 
 23
 Today, governments are facing the reality of scarce resources, both monetary and personnel. Bringing the plaintiff, under guard, from Joliet, his witness, under guard, from Pontiac, pulling the employees of the Department of Corrections off their assignments, bringing in jurors, and using a Federal judge and court facilities expend those scarce resources. I can find no justification for that expense, when it appears clear from the record that the plaintiff cannot state a claim. The court cannot fathom why the Assistant Attorney General did not pursue a summary judgement motion in this case especially in light of the relevant discussion contained in the court's order on the motion to dismiss.
 
 
 24
 Accordingly, IT IS ORDERED that the Jury Trial setting of May 16 and 17 is VACATED and the writs are cancelled;
 
 
 25
 IT IS FURTHER ORDERED that the plaintiff shall show cause in writing within 30 days of the date of this order why judgement should not be entered in favor of the defendant. Failure of the plaintiff to respond will result in the entry of judgment based on this order.
 
 
 26
 /s/ ROBERT J. KAUFFMAN
 
 UNITED STATES MAGISTRATE JUDGE
 Case No. 88-2192
 June 25, 1991
 ORDER
 
 27
 On May 3, 1991, this court ordered the plaintiff to show cause why judgement should not be entered in favor of the defendant and against the plaintiff on the basis of the uncontested facts presented in the pre-trial order. The plaintiff was given until June 1, 1991 to respond. As of this date no response has been offered by the plaintiff. I conclude that summary judgement in favor of the defendant is appropriate.
 
 
 28
 In this case, summary judgement is appropriate only if there is no genuine issue as to any material facts and the defendant is entitled to judgement as a matter of law, F.R.Civ.P. 56(c). In considering summary judgement, the court may not weigh the evidence or resolve issues of fact. Disputed facts must be left for resolution in a trial. At this stage, the court's function is to determine whether there are genuine issues for trial.
 
 
 29
 There are no genuine issues unless there is sufficient evidence favoring the plaintiff for a reasonable jury to return a verdict for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The plaintiff must make a factual showing sufficient to establish the existence of a controverted material element essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 314 (1986). In addition, all reasonable inferences from the factual evidence must be drawn in favor of the plaintiff. DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326 (7 Cir.1987).
 
 
 30
 As recited in my prior order, the undisputed facts contained in the pre-trial order establish that on March 25, 1988 at approximately 10:30 a.m. the plaintiff suffered a minor injury at the hands of an unknown inmate. He was taken for medical treatment at 8:30 p.m. the same day. The physician described the injury as minor and prescribed Tylenol. The prison was on lock-down beginning shortly after the injury occurred. The plaintiff asked the defendant Fisher, a corrections officer, to take him for medical help shortly after the injury. Fisher refused, citing his obligation to secure the area during the lockdown.
 
 
 31
 I find that the plaintiff fails to state a claim under Estelle v. Gamble, 429 U.S. 97 (1976), failing to establish either deliberate indifference or serious medical need. Summary judgement in favor of the defendant Fisher is appropriate. On the court's own motion this case will be dismissed on the merits with prejudice.
 
 
 32
 Accordingly, IT IS ORDERED that the clerk of this court enter judgement in favor of the defendant and against the plaintiff, plus costs of suit.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Aside from the substantive merit of the plaintiff's claim against Simpson, the west cellhouse superintendent, dismissal of the plaintiff's complaint as to defendant Simpson is warranted in light of the plaintiff's failure to serve Simpson. On June 27, 1988, the court entered a scheduling order advising the plaintiff that he had to serve the defendant within 120 days of the date of that order. A reminder was mailed to the plaintiff on July 11, 1988, when defendant Simpson's summons was returned from the Marshal's office unexecuted. Therefore, dismissal of this action as to defendant Simpson is appropriate also pursuant to Fed.R.Civ.P. 4(j)