Larry HAWKINS, Plaintiff,

v.

Michael O'LEARY, Warden and Chief Administrative Officer, Stateville Correctional Center; Thomas Morris, Superintendent, Stateville Correctional Center; C. Larry, Star Number 756 Correctional Officer, Stateville Correctional Center, Defendants.

No. 88 C 2717.

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1990.

---

Larry Hawkins, Joliet, Ill., pro se.

Brian Donovan, Asst. Atty. Gen., Chicago, Ill., for defendants.

ORDER

NORGLE, District Judge.

Before the court is the defendants' motion to dismiss the plaintiff's complaint. For the following reasons, the court grants the defendants' motion.

Plaintiff has filed this complaint *pro se.* A *pro se* plaintiff's complaint must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which the claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986); *Hanrahan v. Lane,* 747 F.2d 1137 (7th Cir.1984).

Taking the allegations of plaintiff's complaint as true, the court adopts the following facts. Plaintiff is an inmate at the Stateville Correctional Center. On July 31, 1986, he was assigned to the furniture factory and was a member of the prison's football team. That afternoon, he left the furniture factory to get his equipment and attend football practice. He returned from practice at approximately 6:30 p.m. and stopped at the Sergeant's office to inquire about mail and have his cell door opened.

While at the office, plaintiff was informed that he was to be taken to segregation because of a disciplinary report written earlier that day by defendant C. Larry. Plaintiff was then taken to segregation.

Six days after being placed in segregation, plaintiff was taken before the Adjustment Committee. He presented evidence refuting the allegations of the disciplinary report and the Adjustment Committee ordered he be released from segregation and that the report be expunged from his records.

Plaintiff then filed a grievance concerning his placement in segregation before the Institutional Inquiry Board ("IIB"). The IIB recommended that the plaintiff be compensated unassigned pay for the time missed at the furniture factory due to his placement in segregation.

Plaintiff subsequently filed a grievance before the Administrative Review Board, grieving the findings of the IIB. The Administrative Review Board affirmed the IIB's findings. Plaintiff proceeded to file the instant complaint in this court.

DISCUSSION

■ The plaintiff brings this suit pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violation of his First, Fifth and Fourteenth Amendment rights. As an initial matter, the court notes that plaintiff has sued these defendants in both their individual and official capacities. A suit against prison officers in their official capacities is a suit against the state and barred by the Eleventh Amendment. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, *reh'g denied,* 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974); *Duckworth v. Franzen,* 780 F.2d 645 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Accordingly, the court grants the defendants' motion to dismiss as to all defendants in their official capacities. Moreover, the plaintiff has not plead any factual basis giving rise to violations of rights secured under the First or Fifth Amendments. The court dismisses the por-

tion of plaintiff's complaint alleging First and Fifth Amendment claims.

■ The plaintiff claims that Officer C. Larry abridged his constitutional rights by filing a false disciplinary report. However, a hearing before the Adjustment Committee terminates an officer's possible liability for the filing of a false disciplinary report. *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir.1984); *Jones v. Lane*, 87 C 5775, 1989 WL 84684 (July 17, 1989 N.D.Ill.). Since plaintiff received such a hearing, the court dismisses the plaintiff's claim against Officer Larry for the filing of the disciplinary report.

■ The plaintiff also joins Warden O'Leary as a defendant. In order for the Warden to incur liability under section 1983, the plaintiff must show some type of causal link between the action complained of and the official sued. *Wolf–Lillie v. Sonquist*, 699 F.2d 864 (7th Cir.1983). Respondeat superior is not a proper basis for liability under this section. *Sonquist*, 699 F.2d at 869. Plaintiff's complaint is wholly devoid of any mention of personal involvement in any manner on the part of the Warden. The court therefore dismisses all of plaintiff's claims as to Warden O'Leary.

■ Further, the plaintiff brings this action in part under 42 U.S.C. § 1985. Essential to a claim under § 1985 is an allegation of class based invidious discrimination. *Munson v. Friske*, 754 F.2d 683, 694–95 (7th Cir.1985). A claim that neither elaborates nor substantiates bald assertions of conspiracy is insufficient to state a claim. *See Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980). Plaintiff's complaint alleges no facts of class based discrimination nor elaborates on the "conspiracy" to deprive him of his rights and is therefore dismissed as to all defendants.

The court has left before it the plaintiff's claim for violation of his fourteenth amendment due process rights on the part of defendants Larry and Morris for placing him in segregation without a hearing. When dealing with a due process claim, a three step analysis must be followed.

*Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). First, a liberty interest must be identified. Second, if a liberty interest is identified, it must be determined what process is required by the due process clause. Third, the court must determine if the process given to the plaintiff comports with the process required. *Shango*, 681 F.2d at 1097–98.

■ A protectable liberty interest can derive from two sources; the due process clause of the fourteenth amendment or state law. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). However, a prisoner has no right, under the due process clause, to remain in the general prison population. *Hewitt*, 459 U.S. at 467–68, 103 S.Ct. at 869. Any protectable liberty interest in being free from segregation must derive from the statute or regulation which authorizes segregation. *Blackwell v. DeRobertis*, 84 C 1346, 1987 WL 9561 (April 10, 1987, N.D.Ill.) (citing *Hewitt*). As stated by the Seventh Circuit;

> The adoption of a statutory or regulatory framework for administrative segregation creates a liberty interest only where the procedural guidelines contain statutory language "of an unmistakably mandatory character, requiring that certain procedures 'shall', 'will' or 'must' be employed ... [t]he test for whether a statutory or regulatory procedure creates a protectable due process interest, then, hinges on the actual language used by the legislature or agency ... [a]bsent some statutory or regulatory provision that clearly limits prison officials in the exercise of their discretion, a prisoner may be transferred for any reason or no reason at all."

*Cain v. Lane*, 857 F.2d 1139, 1144 (7th Cir.1988). Accordingly, any liberty interest that plaintiff might have in this action must derive from the words of the statute which authorized his placement in segregation.

■ Plaintiff's complaint alleges he was segregated pursuant to 20 Ill.Admin.Code § 504.40 (1985). Plaintiff's Complaint, par. 21. This regulation states;

The shift supervisor shall determine whether or not it is necessary to place the committed person in temporary confinement status pending a disciplinary hearing based on:

a) The degree of aggressiveness exhibited by the committed person;

b) The degree of threat posed to the safety and security of the facility; and/or

c) The need to place the committed person in safekeeping to protect him from injury.

The court has thoroughly examined other judicial interpretations of whether this regulation confers a liberty interest under the Fourteenth Amendment and finds a split of authority on this point. *See Tillman v. O'Leary,* 84 C 8993, 1989 WL 103409 (August 30, 1989 N.D.Ill.); *Hatch v. Watts,* No. 86 C 0093, 1988 WL 119103 (October 31, 1988 N.D.Ill.); *Moffett v. Lane,* 85 C 2253, 1986 WL 8480 (July 28, 1986 N.D.Ill.) (finding that this language gives rise to a protected liberty interest). *But see Pardo v. Gramley,* 87 C 20388, 1989 WL 57814 (January 19, 1989 N.D.Ill.); *Brown v. O'Leary,* 88 C 0523, 1988 WL 72328 (June 30, 1988 N.D.Ill.) (finding that the regulation does not place limits on a prison official's discretion and does not give rise to a liberty interest).

After careful analysis of the regulation at issue, this court finds that § 504.40 does not create a liberty interest protectable under the fourteenth amendment due process clause. The language of the statute does not make any particular procedure mandatory before a prisoner is confined to temporary segregation. While specifying certain general factors to consider, the decision of whether to segregate is left largely to the discretion of the shift supervisor. The language of the regulation is not so "unmistakably mandatory" in character as to clearly limit prison officials in the exercise of their discretion. *See Cain,* 857 F.2d at 1144.

This conclusion is consistent with the reluctance of federal courts to become involved in the day to day operations of the prison system. The administration of a prison is "at best an extraordinarily difficult undertaking" and requires broad discretion on the part of prison officials. *Hewitt,* 459 U.S. at 467, 103 S.Ct. at 869. It is not for the federal courts to intervene and review such discretionary administrative determinations, *See Baptiste v. Elrod,* 85 C 2015, 1986 WL 5747 (May 14, 1986 N.D.Ill.), absent a clearly mandated due process right. This court holds that the plaintiff has not demonstrated a protectable liberty interest under the due process clause.

Accordingly, the plaintiff's complaint is dismissed as to all defendants.

IT IS SO ORDERED.