35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael T. SPECHT, Plaintiff/Appellant,
v.
Guy PIERCE, Lieutenant Leibach, B. Wheeler, et al.,
Defendants/Appellees.
 No. 93-1314.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Michael Specht appeals the district court's dismissal of his complaint, brought pursuant to 42 U.S.C. Sec. 1983, for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Specht is an inmate at the Danville Correctional Center. He alleges that his constitutional rights were violated by the defendants, correctional officers and an internal affairs investigator, whom he alleges used excessive force against him and denied him due process.
 
 
 2
 On appeal, Specht claims that the district court did not liberally construe his pro se complaint or properly consider case law on the issues presented. In its order, the district court clearly acknowledged the liberal standard employed to review pro se complaints. Further, as we find the district court's order correctly cites and applies the law on the claims raised, Specht's arguments are without merit. We AFFIRM the district court's judgment for the reasons stated in the attached order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 3
 Michael T. Specht, Plaintiff,
 
 
 4
 vs.
 
 
 5
 Guy Pierce, et al., Defendants.
 
 No. 92-2065
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, various Danville correctional officers, violated the plaintiff's constitutional rights by using excessive force against him and by denying him due process. This matter is before the court for consideration of the defendants' motion to dismiss. For the reasons stated in this order, the motion will be allowed.
 
 
 7
 It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.
 
 
 8
 When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir.1972).
 
 FACTS
 
 9
 The plaintiff is a state prisoner, confined at the Danville Correctional Center at all times relevant to this action. The defendants Guy Pierce, B. Wheeler and R. Dawson are correctional officers at the prison. The defendant Blair Liebach is an internal affairs investigator.
 
 
 10
 The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: On February 19, 1992, the plaintiff was in the laundry room of his housing unit; two other inmates in the room were engaged in "horseplay." When the defendant Dawson scolded the three inmates for their antics, the plaintiff and both other inmates indicated that the plaintiff had not been involved in the horseplay. The defendant Wheeler told Dawson that he should apologize for mistakenly accusing the plaintiff of wrongdoing. Dawson later told the plaintiff that he would get even with him.
 
 
 11
 Shortly thereafter, the plaintiff encountered the defendant Dawson at the top of a flight of stairs. Dawson struck the plaintiff with his forearm and elbow, causing the plaintiff to fall backwards two steps and against another inmate. Dawson left the wing and conferred with the defendant Wheeler; when the two returned, they issued the plaintiff a disciplinary ticket and ushered him to the segregation unit. The defendant Pierce signed the disciplinary ticket authorizing the plaintiff's placement in segregation without interviewing the plaintiff or conducting any investigation. After seven days, the plaintiff apparently had a hearing on the unspecified charges, as a prison Adjustment Committee released the plaintiff from segregation.
 
 
 12
 The defendant Liebach called the plaintiff to his office to inquire about the circumstances of the disciplinary report; however, the plaintiff refused to discuss the matter with him, preferring that his family pursue criminal action. The plaintiff attributes the sequence of events to a conspiracy against him.
 
 DISCUSSION
 
 13
 Even accepting the plaintiff's factual allegations as true, the complaint fails to state a claim as a matter of law. The defendant Dawson's shove, while unprofessional and potentially dangerous, did not amount to constitutionally excessive use of force. The disciplinary proceedings, even if precipitated by false charges, did not violate the plaintiff's constitutional rights because the plaintiff received full due process. The plaintiff was not entitled to a hearing or any other procedural due process before being placed in segregation. Finally, the complaint does not show a conspiracy.
 
 
 14
 A prison guard's liability for the excessive use of force under 42 U.S.C. Sec. 1983 is not co-extensive with common law tort liability for battery. Davis v. Lane, 814 F.2d 397, 400 (7th Cir.1987). Not every malevolent touch by a prison guard gives rise to a federal action. Hudson v. McMillian, --- U.S. ----, 112 S.Ct. 995 (1992). Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. Davis, 814 F.2d at 400, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.1973), cert. denied, 414 U.S. 1033 (1973), holding limited to Eighth Amendment context by Graham v. Connor, 490 U.S. 386 (1989).
 
 
 15
 In determining whether pain was unnecessarily and wantonly inflicted, the court examines the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Here, while Dawson's shove appears to have been wholly unwarranted and a reflection of immaturity, his actions caused no real harm. Dawson's petty act was not so "brutal" or "offensive to human dignity" as to constitute cruel and unusual punishment. The plaintiff's Eighth Amendment claim must be dismissed.
 
 
 16
 Likewise, the plaintiff's placement in segregation did not violate his constitutional rights. There is no constitutional right for inmates to remain out of administrative segregation. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983). Nor does Illinois law create a liberty interest in remaining in the general population. Pardo v. Hosier, 946 F.2d 1278 (7th Cir.1991); Cain v. Lane, 857 F.2d 1139 (7th Cir.1988). The statutes and regulations governing administrative segregation are devoid of mandatory language sufficient to create a liberty interest. Id. The plaintiff was not entitled to a hearing or any other due process in conjunction with his placement in segregation pending hearing on disciplinary charges. Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991), cert. denied, 112 S.Ct. 243 (1992).
 
 
 17
 Likewise, the plaintiff has not alleged facts indicating that the disciplinary proceedings against him violated his constitutional rights. Allegations of false disciplinary reports do not state a claim where due process is afforded. Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir.1984). A hearing before the Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. Hawkins v. O'Leary, 729 F.Supp. 600, 602 (N.D.Ill.1990). Here, the plaintiff does not assert any denial of due process procedures; to the contrary, the proceedings resulted in dismissal of the charges against him.
 
 
 18
 Furthermore, the plaintiff has no cause of action against Liebach and Pierce for failing to investigate the charges: Prison officials are not necessarily required to investigate disciplinary charges prior to a hearing. Woodall v. Partilla, 581 F.Supp. 1066, 1074 (N.D.Ill.1984), relying on Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). In any case, the plaintiff concedes that he refused to cooperate in any investigation, preferring "to seek help from an outside source."
 
 
 19
 Finally, the plaintiff's catch-all conspiracy claim is unsupported by facts. In order to state a claim for conspiracy under 42 U.S.C. Sec. 1983, the plaintiff must plead conspiracy in some detail and provide some factual basis supporting the existence of a conspiracy. Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206-07 (7th Cir.1980). "Mere conjecture that there has been a conspiracy is not enough to state a claim." Id. "A complaint inadequately alleges conspiracy when the facts it alleges are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy." Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir.1991). In the instant case, the plaintiff has failed to identify any acts on the part of the defendants that would possibly link them to a conspiracy.
 
 
 20
 In conclusion, even accepting the plaintiff's factual allegations as true, the complaint fails to state a claim as a matter of law. The defendant Dawson's shove did not rise to the level of a constitutional violation. The plaintiff has no cause of action regarding dismissed disciplinary charges, even if those charges were fabricated. The plaintiff received full due process. The plaintiff was not entitled to a hearing or any other procedural due process before being placed in segregation. Finally, the complaint does not raise an inference that there was a conspiracy against the plaintiff. Accordingly, the defendants' motion to dismiss will be granted.
 
 
 21
 IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket # 18) is allowed. The complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The case is terminated. The parties are to bear their own costs.
 
 
 22
 Enter this 20th day of January, 1993.
 
 
 23
 /s/ Harold A. Baker
 
 HAROLD A. BAKER
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record